JohnsoN; C. J. The complainants excepted to the answer of the defendants, Stuart and Hopson, chiefly upon the ground that it did not expressly allege that the several sums allowed against the estate were legal and proper allowances. True it is, that they do not say in so many words that the allowances were legal and proper, yet the inference is clear and irresistible, as they expressly deny the charge of fraud and'unfairness, and insist that every act on their pail has been done fairly and openly, and with a view to the best interest of the estate. The complainants, upon the final hearing, offered no testimony in support of the fraud charged in the bill, and the exceptions, if true, could not do more than to show error in the County Court in making the allowances. The answer admits that all (he allowances charged in the bill were made, but denies most positively and unequivocally that they, or either of them, were made in fraud of the rights of the complainants; and the answer standing uncon-tradicted, must be presumed to be true in every particular. The County Court, doubtless, had jurisdiction of the whole subject matter at the time, and if error intervened, it could only be corrected by appeal. The Circuit Court ruled correctly, therefore, in overruling the exceptions to the answer of the administrators. The point next to be determined is, whether John F. Keller made such a showing in his petition as would entitle him to be made a defendant to this proceeding, and in case that he did, whether the decree in his favor was warranted by the principles of law. He states in his petition, that his father, in his life-time, at the October term of the County Court of the county of Hempstead, A. D. 1831, recovered against the administrators of Fowler, the sum of two hundred and ninety-five dollars, with interest thereon at the rate of six per cent, per annum from the first clay of Januaiy, 1822, and also that said judgment still remains in full force, unreversed, and unsatisfied. In his answer he sets up and claims the benefit of the same recovery, but admits that the administrators prayed and obtained an appeal from the decision of the County to the Circuit Court of Hempstead county, and that they prosecuted the same until at the November term of said court, A. D. 1834, the death of his father was suggested and admitted by the appellants, and that, by order of the court, said appeal abated. It is perfectly manifest from his own showing, that he has no right to the decree which the court below entered in his favor. It is not true that the judgment obtained by his father, against the administrators, is still in full force. The moment the appeal was granted, tire case passed into another jurisdiction, and there to be tried de novo upon the merits. The force of the judgment in the County Court stood suspended by the appeal, and the appellee could not be said to have a judgment against the administrators until a trial in the Circuit Court, and a decision in his favor. The appeal has not been dismissed, neither has a decision been had in favor of the appellee. It is clear, therefore, that Keller was not entitled to a decree for the amount of his father’s judgment in the County Court. The Circuit Court, therefore, erred in pronouncing the decree which it did, and for this cause it ought to be reversed. It is, therefore, ordered, adjudged, and decreed, that the decree herein rendered is reversed, annulled, and set aside; and ■it is further ordered, that it be remanded to the Hempstead Circuit Court, with instructions to proceed therein according to law, and not inconsistent with this opinion.